### STATE ex COPELAND v COURT OF COMMON PLEAS OF CUYAHOGA CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15342.   Decided Dec 17, 1935

### OPINION

By LIEGHLEY, PJ.

Under favor of §4785-189 GC, a petition was presented to the Court of Common Pleas of this county setting forth certain alleged violations of the Corrupt Practices Act.    Apparently prerequisite conditions have been complied with and the hearing set for December 18th, 1935.

The plaintiff, feeling aggrieved and believing his rights about to be assailed without due process, filed a petition in this court praying for a writ prohibiting the judges of said court from proceeding with said hearing. The right to his relief is grounded largely on the claim that this section of the statute is unconstitutional in that there is no provision for an adversary proceeding, no notice to him, no opportunity to defend, no means of making a defense resulting in a probable finding of a violation by him which with the evidence is ordered transmitted to the prosecuting attorney with directions to submit it to the next grand jury—all to his irremedial prejudice. It is urged that this proceeding ignores and deprives him of certain constitutional guaranties.

It seems to us that the proposed hearing below is merely a preliminary investigation of the charges made in the petition. It is a civil proceeding which may or may not comprehend criminal activities. The guaranties allegedly denied relate mostly to charges of crime. Whenever any order is made or judgment entered affecting in any substantial way his office, his property or his liberty, the law will afford him ample opportunity to defend upon every legal ground including the alleged invalidity of this statute. The time has not arrived for him to invoke this extraordinary writ upon the ground that the statute is unconstitu-

tional. It will have arrived when it is attempted to enforce some order inimical to his legal and inalienable rights.

The unconstitutionality of this statute is not at all obvious. The State creates the office of judge. It has assumed the power to define the requisite qualifications of incumbents, the elegibility of candidates, the manner and method of conducting elections and the way to pursue in aspiring to office. If it is claimed that these requirements have been evaded or violated, a proceeding has been provided for a preliminary inquiry into the truth of the charges.

There is another potent consideration. The plaintiff either is a party or is not a party to the proceedings below. If he is a party, there is language in this section inferring a right of appeal in which event opportunity is afforded to raise and present all defenses and save all questions for review. If not a party, no order or judgment could be entered of any force and effect to deny him or deprive him of any substantial right. Further, it is difficult to understand upon what theory one may seek and obtain a writ prohibiting the trial court from proceeding with the hearing of a cause properly before it to which he is not a party, especially when the proceeding is such that it cannot result in legally and finally divesting him of anything.

Alternative writ denied.

LEVINE and TERRELL, JJ, concur in judgment.

## OPINION

By LEVINE, J.

I concur in the conclusion reached, denying the writ of prohibition, but I most emphatically dissent from the legal conclusions reached in the majority memorandum opinion.

If §4785-189 GC, intended to provide for an inquisitorial proceeding strictly ex parte in its nature, and denying the party affected the right to be heard by himself or his counsel, it would, in my opinion, be tantamount to an arbitrary denial of a constitutional right afforded to all persons to be represented by themselves or their counsel. Courts have for their purpose judicial inquiries where all sides may be represented and are given an opportunity to be heard. Inquisition is a term repugnant to the essential mechanics of American courts of justice and any law which provides for a denial to a party affected by proceedings to be heard by himself or his counsel, would, in my opinion, be vio-

lative of an essential constitutional right.

The reason I concur in the judgment which refuses the writ of prohibtion is that, according to my interpretation of the above section of the General Code, the law contemplates a regular court inquiry with a full right to be afforded to the party affected to be heard by himself or his counsel. Note in that section provision is made that "these proceedings shall take precedence over all other proceedings in the Court of Common Pleas and in case of appeals in the Court of Appeals or the Supreme Court." It clearly contemplates that a record be made of the proceedings and that the decision of the Court of Common Pleas may be appealed from by the party affected thereby. It would be incongruous to provide for an appeal without at the same time affording the party affected by the inquiry the right to cross-examine witnesses, to present witnesses in his own behalf, to testify in his own behalf and to be heard by his counsel. Of what avail would be the right of appeal if the party affected would be denied the right to be present in court and to participate in the proceedings the same as in any other law suit?

I hold to the view that the statute contemplates a judicial inquiry where all parties may be present and be heard by themselves or their counsel. It therefore appears clearly to me that the petitioner in this case will be given ample opportunity during the course of the proceedings in the Common Pleas Court to raise all legal questions, including the question of the constitutionality of the law under which the proceedings are held.

The writ of prohibition is an extraordinary writ and is never resorted to by the courts if there is ample protection otherwise and if the remedies usually afforded to litigants such as error proceedings and appeal, are fully afforded him. It is for this reason that I concur in the judgment denying the writ of prohibition.